Okay, we'll call this afternoon's docket. The first case is People of the State of Illinois v. Matthew Gray, 5-130-510. Ms. Sargent? Ms. Sargent. Are you ready to proceed? Yes. Can you give me a photo? Go ahead. Mr. Stacey? Mr. Stacey is with me? Is he over here? No, it's Kelly Stacey over there. Okay. Okay, I'm ready. Thank you. I'm ready. Thank you. May it please the court. Counsel. My name is Brian Sargent, and I am with the law firm Cherry, Frazier, and Sabin in Springfield, Illinois. I will be representing the appellant, Matthew Gray, in this appeal challenging the constitutionality of 625 ILCS 5-11-501 D2G, here aptly referred to as the DUI-16 statute, the aggravated DUI-16 statute. It should be noted that the defendant here is challenging the constitutionality of the criminal statute, and as such, the standard of review before this court is de novo. It should also be noted that while this particular provision has been challenged several times under a ground that is unconstitutionally void for vagueness, this is the first time that this challenge, that this particular subsection, has been challenged as violating Article I, Section 11 of the Illinois Constitution, and thus this matter is an issue of first impression before the court. Your Honors, this is the case where a 19-year-old man with no prior criminal record and a strong work ethic and academic credentials was sentenced to a six-year term of imprisonment under the aggravated DUI statute because that statute requires that the court first overcome the high evidentiary burden of extraordinary circumstances exist before he could grant probation. This type of strong presumption in favor of incarceration places a disproportionate emphasis on the seriousness of the offense and thus violates Article I, Section 11 of the Illinois Constitution, which requires that equal weight also be afforded to the rehabilitative nature of the defendant. This notion is further strengthened by the recent Supreme Court case in 2012 of People v. Clemens in which the Supreme Court noted that with the new addition of the rehabilitative language to the 1970 Illinois Constitution, the legislature intended to provide a limitation on penalties greater than that afforded by the Eighth Amendment, which looked to not just the act but also the individual behind the act and their ability to be restored to useful citizenship. The statute as written, which requires that such a high burden of extraordinary circumstances be overcome before probation can be granted, essentially leaves no balance, let alone an equal balance, as is required by Article I, Section 11. This narrow focus solely on the individual and on the nature of the act, rather without equal weight to the individual behind the act, is in direct contravention of the framers' intentions. Defendant is not contending that greater weight be given to the rehabilitative form, he is not contending that the state is unconstitutionally vague, and he is not arguing that the judge agrees to discretion in sentencing him as the state intends or attempts to construe the defendant's argument. In fact, the defendant argues that because the sentencing scheme at issue was unconstitutional when written, the judge was thereby precluded from properly exercising his discretion because he was confined by the legislator's drafting error. The state contends that the court lacks jurisdiction to entertain the merits of defendant's appeal because of his failure to comply with the Supreme Court Rule 604D's requirement that he file a motion to vacate his negotiated guilty plea. In doing so, the state relies on the cases of Evans, Linder, and Diaz to support the notion of the General Waiver Rule, in which those cases involved challenges to the judge's abuse of discretion, arguing that their cases were either excessive or otherwise improper. The state, however, does acknowledge that there is an admonitions exception to 604D. In doing so, it acknowledges that the failure to file 604D motion is not jurisdictional in the sense that the court is without power to ever decide an appeal. Otherwise, the court would never have the power to decide an admonitions exception. I'm not sure I understand that part of your argument. I'm sorry, what do you mean? So, the state says that you didn't file within 30 days, and so you're out of time. The state is actually contesting that we did file a motion within 30 days. We filed a motion to reconsider the statute. But you didn't file a motion to withdraw guilty plea or vacate the judgment. Correct. And that's what's required to be done. Under Supreme Court Rule 604D. Right. However, the defendant provides or cites to four cases in which there is an exception where the defendant challenges the constitutionality of a criminal statute, and the court, the public court, was able to entertain, was able to both have jurisdiction to hear that appeal and entertain the merits of the defendant's argument, despite failing to comply with Rule 604D. So, anybody could just not file these motions under 604D and then just claim a constitutional error and get around it? Well, the administration's exception is a limited exception in terms of constitutionality of where those that complied with the pleas. Limited cases that we provided are limited instances in which they're challenging the constitutionality of a criminal statute. So, the answer is yes? Yes. Just not file these under 604D and then file a constitutional challenge and it's okay? Yes, Your Honor. Is that true? Yes. Okay. Where a constitutional argument is raised as to the validity of a criminal statute, the court does have jurisdiction to entertain those appeals. Those four cases all, as I stated, involved guilty pleas in which the defendant either failed to comply entirely with Rule 604D or was untimely in filing his motion. In all those cases, the defendant thereafter appealed and the state contended that the appellate court lacked the jurisdiction to hear the defendant's appeal because of their failure to comply with 604D. The appellate court in each instance rejected the state's contention and held that where the defendants were challenging the constitutionality of the criminal statutes, that the court could not only entertain the appeal but entertain the merits of the appeal. And that where they were challenging them as void, that the court, that was an issue as to the statutory authority of the lower court to enter the appeal, not as to the jurisdiction of the court. Can you put in simple terms why you think this is unconstitutional? As I stated earlier, Your Honor, in terms of Article I, Section 11 of the Constitution, it requires that equal weight be given to both the seriousness of the offense Equal weight. and the rehabilitative nature, the rehabilitative You're speaking so quickly, I can't. Okay. I can't. I apologize. Okay. Article I, Section 11 of the Illinois Constitution requires that equal weight be afforded to both the seriousness of the offense as well as the rehabilitative nature of the defendant. Here where the trial court is required to find extraordinary circumstances, which the court in Vasco has noted is a very high evidentiary burden in which in reviewing cases citing to this provision, no authority that has been put forth or cited in Westlaw could be found where extraordinary circumstances existed. Essentially, it's a legal fiction in which there will never be extraordinary circumstances and thus there will never be an instance in where Is that just because you haven't found any in Westlaw? Not that I, not with review of it, but in essence, for example, in I mean, you said that there never will be any extraordinary circumstances. How do we know that? I do not, I cannot speak to that there will never be extraordinary circumstances. However, it appears that at least we cannot find or cite to a case where it has been found. And in such cases as Winningham, for example, the court where the defendant was a, had no prior criminal conviction, was a firefighter, had saved numerous lives, was afraid to cooperate with the victim's family in pursuing a dramasod action. He had 80 to 90 letters from family and friends in support of his probation and the court still found that that did not rise to extraordinary circumstances. It would seem that And what was the crime? It was aggravated DUI, Your Honor, resulting in the death of one individual. So your client killed both of his best friends. Yes, it did result in the death of two individuals. His best friend. Yes. And the court considered that he was a good guy. The court found And he got the minimum sentence of six years for two deaths, right? Yes. And you think that all of the background that your client had arose to the level of such exceptional circumstances that he should get probation for taking two lives. Is that your argument? That is not our argument, Your Honor. Our argument is that the trial court wasn't able to properly consider whether he could be granted probation because of the high evidentiary burden that is placed in finding extraordinary circumstances. Why couldn't he? Why couldn't the trial court? What prevented the trial court from doing that? The presumption in favor of incarceration that requires that these extraordinary circumstances be met essentially limits the court from giving equal weight to the defendant in order to grant him probation and places more emphasis on the seriousness of the offense. So the Constitution says we have to give equal weight? The Constitution in itself does not use the term equal. That term comes from a line of cases including People v. Crosser and People v. Wad in the Supreme Court case of People v. Taylor and then that notion is reinstated with the 2012 case of People v. Clemens in which the Supreme Court again acknowledges that with the addition of the rehabilitative language to the Illinois Constitution that the rehabilitative nature of the defendant be given equal consideration and not just serious offense be considered. And in People v. Clemens, did they find a statute unconstitutional that was similar? Yes, Your Honor. Okay. Yes, they found that it violated Article I, Section 11 and they were amended to the court for resentencing under the statute as it existed prior to the statute that they held unconstitutional. They resentenced under a prior statute? Yes. So this one had been amended? Yes. Okay. Defendant here is not asking the court to reconsider his sentence because it's excessive nor is he alleging that the trial court abused its discretion in another manner. He is instead contending that the criminal statute for the aggravated DUI sentencing is unconstitutional because it violates Article I, Section 11 of the Illinois Constitution. So what would he have us do? We would ask that you declare that the sentencing statute is unconstitutional and remand to the trial court to resentence the defendant to comply with the mandate of Article I, Section 11 and not be restrained by the presumption in favor of incarceration. So we'd have to rewrite the statute? I mean, we have to take out some lines? We would ask that Your Honor strike the specific provision 625 ILCS 5-11-501 D2G regarding this and reinstate the court, yes, to resentence the defendant in line with the Constitution. But I'm not sure how we could resentence him. Because once we declare it unconstitutional, we can't rewrite it. We're not the legislature. Yes. So how do we resentence him? We're asking that it be remanded to the trial court for him to resentence the defendant. Well, how does the trial court do that? We would ask that he just consider, as it has been stated in Article I, Section 11, that the seriousness of the offense and the defendant's rehabilitation just be given equal weight in determining the sentence. So he could get 20 years the next time around, and you wouldn't? If he got 20 years the next time around with that consideration, then you wouldn't object? I don't think she wants to answer that. Not on the same basis, you wouldn't object. Not on the same basis. So it is for these reasons. Okay. Do you have a question? Go ahead. Okay. It is for these reasons that the defendant respectfully requests that the court declare the DUI, aggravated DUI, sentencing statute unconstitutional and remand to the trial court for resentencing based on Article I, Section 11. Thank you. Very good question. Anybody else besides me? Thank you very much. You'll have a chance to respond. Okay. Your Honors, Counsel, may it please the Court, my name is Kelly Stacey, appearing on behalf of the State of Illinois. In reviewing the defendant's reply brief and his argument that this court has jurisdiction over the appeal, the State concedes that a Rule 604D motion is not a jurisdictional requirement for the court. The notice of appeal would accomplish that, and that was done in this case. The State apologizes for any confusion on that issue. The defendant's failure to file a 604D motion to vacate the judgment and withdraw the plea does, however, mean that this court should dismiss the appeal, not consider it on the merits, and it precludes review on that basis. Despite the proper admonitions in this case, which the defendant admits that proper admonitions were given by the trial court concerning which type of motion he needed to file following the sentencing, rather than file a motion to withdraw the guilty plea, the defendant instead filed a motion to reconsider or reduce the sentence. The trial court did admonish the defendant that he had to file that motion within 30 days. He was admonished that any claim of error not raised would be deemed waived by this court. In the reply brief, the defendant accurately states the law concerning jurisdiction versus waiver, and the State agrees with that. Following hearing on the defendant's motion to reconsider or reduce sentence, the trial court struck the defendant's motion as not properly before the court. In doing so, the court relied on two particular cases. The first of those is People v. Albers out of the Second District. And the second is the Illinois Supreme Court decision in People v. Linder. Linder applies to this case because although the defendant was eligible for up to 28 years in prison in this case, the State agreed to a cap of 20 years. That sentencing concession on the part of the State means that Linder applies based on contract principles. In the Albers case, the Second District reviewed this court's decision in People v. DeRosa, which discussed Linder and the 604D requirements at great length. The Second District agreed with this court that because the defendant in Albers failed to file the proper motion, even though admonished, the defendant's appeal must be dismissed and the court did not reach the merits of that case. That was properly done here by the trial court. The trial court properly struck the motion as not properly before the court. Consistent with Albers, this court should also dismiss the defendant's appeal without reaching the merits. I wanted to touch on some of the cases cited in the reply brief because the State has not had an opportunity to do that. The first of these is People v. McKay. That involved a defendant who was potentially not competent, therefore unable to understand his rights and obligations. That impacts whether or not there can be a knowing and understanding plea in the case. There's no allegation like that in this case. N. Ray B. Kay is the next case that the defendant cited. That case also does not apply here. Although a written motion to withdraw a guilty plea is required, this court in B. Kay understood juveniles are different. In a juvenile case, there is no post-conviction hearing act remedy available, so dismissal of an appeal in that type of a case is much too harsh of a penalty. People v. Lev fails to support the defendant's argument because there, the judgment in that case was void. The second district properly relaxed the timeliness of the defendant's motion to withdraw his plea in that case because the offense was not a proper offense. There wasn't really an offense that it was an attempt to attempt in that case, so the judgment in that case was void. Here, the defendant argues the judgment is void, but in this case, the court had the statutory authority to sentence the defendant to up to 28 years in prison. On a review of all of these cases, it's clear the defendant in this case is not similarly situated to any of those defendants. There's no indication in the record he's a juvenile. In fact, I think the opposing counsel said he was 19 years of age. There's no doubt about the defendant's fitness. Nothing was raised. And under People v. Davis, because the court had the authority to sentence the defendant to up to 28 years, in this case 20 years with the agreed cap, the court's sentence of 6 years is authorized. In the Davis case, the court had the, the court indicated that there's a difference between whether the court has the power to enter a sentence versus whether the defendant believes that sentence is correct. If the defendant's argument is that the sentence is not correct, that's not a void judgment. In this, sorry, Your Honor. What do you think about her argument that says you don't have to file within 30 days under 604D as long as you're challenging the constitutionality of the statute? The state completely disagrees with that, and I believe we pointed out in the brief that the defendant was able to file a motion within that 30 days. He filed a wrong motion. He raised a constitutionality argument in the motion he did file. There was nothing precluding him from filing a 604, a prior 604D motion, a motion to withdraw, for leave to withdraw his plea and to vacate the judgment. And here he, he failed to do that. And although it is not a jurisdictional step, the cases on review, such as Albers and Linder, means that the merits of the defendant's argument should not be reached on appeal. What do you mean it's not a jurisdictional step? It's not been, if it's not, why can't we reach the merits? Well, the, it's not a jurisdictional step. There used to be a line of cases that said there was, and I acknowledge that in the brief, that's what we argued. I believe there was a case, People v. Patrick, and again, this, I didn't cite this one, but in that case, it was determined that the jurisdictional step for a defendant is the notice of appeal. The defendant properly filed a notice of appeal here. What he failed to do was file a proper motion. And I believe the defendant cited a case, People v. Vasquez. In that case, the court said the issue of the merits should not be reached if the defendant failed to follow the court's admonition and file the proper sentence, which would bring the issue to the attention of the trial court, where the trial court could hear that on the merits. The Alders case from the second district, which relied on this court's decision in DeRosa, says what a court should do in that case is strike the motion to reconsider or reduce. That's exactly what the trial court did here. I believe the Alders decision was properly decided. Alders was based also on People v. Linder. And therefore, the people respectfully request this court dismiss defendant's appeal without reaching the merits. This does leave the defendant with another avenue, and that would be the Post-Conviction Hearing Act. But this appeal should be dismissed. Thank you, Your Honors. So basically what you're not arguing jurisdictionally, you're arguing waiver or forfeiture. Essentially, that's what you're arguing and claiming that Linder precludes this court not being bound by waiver. Is that your argument? I'm not totally sure if I understand your question. Well, there's a line of cases that indicate that waiver is, in effect, binding on the parties but can be relaxed by the court. And what is your position so that I understand it? You're saying that this is not jurisdictional, it's waiver or forfeiture, but that the statute Linder precludes us from relaxing that? Is that basically what you're arguing? I acknowledge in the brief we argued it was a jurisdictional issue, but having reviewed the cases the defendant cited in the reply brief, I have to acknowledge. You no longer take the position it's jurisdictional. I no longer take the position that it's jurisdictional. I regret that that attack was taken in the argument. But I believe all of the cases, at least since the Patrick case, said that what this amounts to is a waiver, not a forfeiture. Right. And so because the defendant was admonished that anything not raised in the right motion, which is a motion to vacate the guilty plea and motion to vacate the judgment and withdraw the guilty plea, that's the motion that needed to be filed in this case. Are you taking the position that because a constitutional issue was appropriately raised, clearly raised, whether wrong motion or not, were precluded from, even with the constitutional issue being raised, were precluded from considering it despite the waiver rule? I am exactly taking that position, that even though it's a constitutional argument raised, the defendant had a proper vehicle to raise that. That was in the motion that the trial court told him he must file, because what that would do is put the defendant and the state back on equal terms as they would have been prior to the plea. It is unfair to hold the state to a bargain that the defendant is then allowed to get out of. And that's why there's the distinction here. And that's why the cases say, if this is how you want to approach it, if you want to argue a constitutional issue, what you should do is file a motion to vacate the judgment and withdraw the plea, because then the parties are put back on equal footing. And then any cases that were dismissed would be brought back in, and any sentence that was available under the statute would be available for the trial court in that case. So based on all of that, the state is not arguing the merits here in oral argument of the constitutional issue raised. So we would request that this court dismiss the appeal without reaching the merits. Thank you, Your Honors. And thank you. Your Honor? So what's your argument for us relaxing the waiver rule? Your Honor, I would first start by arguing that where the state contends that Alders and Linder dictate that the court dismiss this, that in both of those cases, either in Alders it involved a challenge to the 604D certificate, and in Linder it was a motion to reconsider as to the excessiveness of the statute. Neither of those involved a constitutional challenge to a criminal statute, which the defendant has provided cases to the court where that is the instance, and where 604D was not complied with, the court was able to reach the merits. So we would state that the cases cited by the state are inapplicable because they do not involve the limited exception which the defendant is advocating that is present here, and that the constitutional challenge does dictate that waiver, and that the court can approve this motion. Also, to address the state's argument as to the contract principles, that it would be unfair for the state to be held to a bargain that the defendant does not have to be held to, the defendant is not trying to avoid the agreement that he entered into with the state. Under the agreement with the state, he agreed to a sentence cap of 20 years. However, under that, the court would still arguably have given probation had it found extraordinary circumstances pursuant to the statute. However, our argument is that the court was precluded from exercising its jurisdiction in selecting within that range of options that was agreed to by the state and the defendant. If this court were to grant the relief requested by the defendant and remand to the court for resentencing, the parties would still be held to the status quo. However, the court who was not a party to that agreement, the only difference would be that the court who was not a party to the agreement would not be bound by the restriction of the DUI sentencing statute. So it would basically go back under the general sentencing provisions of the code? Correct. Including exercise of discretion? Yes. And could get the same sentence? Arguably, he could get the sentence, Your Honor. We would just ask that this court, in its remand, dictate that the trial judge consider on equal footing both the seriousness of the offense and the defendant's responsibility. Now, when you keep saying equal footing, you're not saying that the court's precluded from exercising its discretion in weighing the factors in aggravation and mitigation. Is that correct? That's correct, Your Honor. Okay. So it's a discretionary exercise in your position is that the statute unconstitutionally precludes the trial court from exercising its discretion in sentencing. Is that your position? That is correct, Your Honor. Also, the defendant would contend that the cases cited by defendant, which allow for the court to have jurisdiction to entertain the merits of the appeal, demonstrate that where the sentence was entered under or pursuant to an unconstitutional statute, that sentence was declared void by the court, and the court found that there was a lack of statutory authority because it was unconstitutional. Not that the court could not entertain the merits of the appeal. Thank you. Thank you. Okay, this matter will be taken under revising in a disposition issue court in the near future.